IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

_____
                                                                  )
**VENANCIO TORRES-VALLEJO,**               )
**individually and on behalf of**                      )
**all other persons similarly situated,**          )
                                                                  )
       **Plaintiffs,**                                          )
                                                                  )
v.                                                              )   Case No. _____
                                                                  )
**CREATIVEXTERIORS, INC. and**              )   **CLASS ACTION**
**JEFFREY MILLER,**                                   **)**
                                                                  )
       **Defendants.**                                      )
_____ )

**COMPLAINT FOR DAMAGES,
COSTS OF LITIGATION, AND ATTORNEY'S FEE**

**PRELIMINARY STATEMENT**

1. This is an action by VENANCIO TORRES-VALLEJO (hereinafter "Plaintiff), a Mexican visa worker employed by Defendants CREATIVEXTERIORS, INC. and JEFFREY MILLER. Plaintiff seeks damages on behalf of himself and a class of similarly employed U.S. and foreign workers employed by Defendants during 2010-2015 for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the Colorado Minimum Wage Act, C.R.S. Title 8 Art. 6, for breach of contract and *quantum meruit*.

**JURISDICTION**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 as this action arises under the laws of the United States and Acts of Congress regulating commerce.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because these state law claims are so related to the federal claim that they form part of the same case and controversy.

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c). Defendants CreativExteriors, Inc. and Jeffrey Miller are subject to this Court's personal jurisdiction with respect to this action. A substantial part of the events giving rise to the Plaintiff's claims occurred in this district.

## PARTIES

5. Plaintiff Venancio Torres-Vallejo is a resident of the Republic of Mexico.

6. Defendant CreativExteriors, Inc. is a corporation organized under the laws of the State of Colorado. Its principal place of business is in Jefferson Co. Colorado. Throughout the relevant time period CreativExteriors Inc. was involved in the retail and service industry and/or commercial support service industry as defined in Colorado Minimum Wage Orders numbers 26-31.

7. Defendant Jeffrey Miller is President of CreativExteriors, Inc. and is a resident of Jefferson County, Colorado.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings his breach of contract action on behalf of a Rule 23(b)(3) class defined as:

> All U.S. and foreign workers hired by Defendant to fill jobs described in Defendant's 2010, 2011, 2012, 2013, 2014, and 2015 Form 9142 labor certification applications.

9. Plaintiff brings his Colorado Minimum Wage Act claims on behalf of a Rule 23(b)(3) sub-class of the above described class consisting of class members who worked during 2013, 2014 and/or 2015 ("Minimum Wage Act Sub-Class").

10. Plaintiff brings his FLSA claims on behalf of members of the Minimum Wage Act Sub-Class who file consents to join in this action.

11. On information and belief, Plaintiff's contract class consists of more than 100 individuals and the Minimum Wage Act Sub-Class consists of more than 80 individuals, making joinder of the class members impracticable.

12. There are questions of fact and law common to the members of the class and sub-class, including:

   a. whether the terms and conditions of work set forth in Defendants' Form 9142s are, or are incorporated in, the work contracts of the class members;

   b. whether the time spent loading and unloading equipment and the driving time between the loading site and the first and last job constitutes compensable work time;

   c. whether the expenses involved in washing uniforms constitute *de facto* deductions from the class members' wages;

   d. whether the transportation, food, and lodging costs getting to and from the workers' homes and Defendants' job site in Colorado loading site were for the primary benefit of Defendants and constitute de facto deductions from wages; and

   e. whether the visa application fees charged to H-2B workers were for the primary benefit of Defendants and constitute a de facto deduction from wages.

   13.   The claims of Plaintiff Venancio Torres-Vallejo are typical of the claims of the other members of the class.

   14.   Plaintiff is an adequate representative of the class because there are no conflicts between Plaintiff and the class and his attorneys are experienced in class action litigation.

   15.   The questions of law and fact common to the class predominate over any questions affecting only individual members, and class treatment is superior to other available methods for fairly and efficiently adjudicating the controversy in that the members of the class have little interest in individually controlling the prosecution of separate actions, particularly given the relatively small value of their claims and their geographic dispersion; no other actions have been filed by the class members; concentrating the litigation of claims in one forum will serve the interests of justice and promote efficiency; and there are not likely to be difficulties in managing the class.

## **FACTUAL ALLEGATIONS**

   16.   Since 2010 Defendant CreativExteriors has been engaged in the business of providing landscaping services to customers in Colorado.

   17.   In each of the years 2010 to 2015 ("years at issue"), CreativExteriors employed approximately 70 to 80 landscape laborers to carry out its business.

   18.   Defendant Jeffrey Miller was the President of CreativExteriors and acted as an employer of CreativExteriors landscape laborers for purposes of the Colorado

Minimum Wage Act and the FLSA. He was directly involved in setting the wage and hour policies that are complained of herein.

20. In order to find sufficient workers to fill their landscape laborer positions, Defendants petitioned the Department of Homeland Security (DHS) in each of the years at issue for permission to import foreign workers to perform landscape work using H-2B temporary work visas.

20. By regulation, DHS requires a petition for H-2B visas to be accompanied by a temporary labor certification from the Department of Labor (DOL). To obtain such a certification, an employer must request a determination from DOL of the prevailing wage applicable to the employer's job openings and the area of employment. The employer must then engage in specified efforts to recruit U.S. workers at no less than the prevailing wage. If those recruitment efforts do not produce sufficient U.S. workers to fill all of the employer's job openings, the employer may submit a temporary labor certification application to DOL on Form 9142. That application requires the employer to set forth the terms and conditions of work that the employer is offering to the foreign workers it seeks to hire. The terms must be no less favorable than the terms offered to U.S. workers and must include a promise to pay no less than the prevailing wage for all hours of work.

21. If DOL determines that U.S. workers are not available to fill all of the employer's jobs, and that the terms and conditions of work offered to the foreign workers will not adversely affect the wages and working conditions of similarly employed U.S.

workers, DOL approves the labor certification application. At that point the employer may petition DHS for H-2B visas.

22. In each of the years 2010 through 2015, Defendant CreativExteriors obtained a prevailing wage determination from DOL for the job of landscape laborer and recruited and hired U.S. landscape workers for that position.

23. Because an insufficient number of U.S. workers accepted CreativExteriors' landscape laborer jobs, CreativExteriors filed labor certification applications on Form 9142 in each of the years at issue so that it could hire additional foreign landscape workers. Those forms set forth the terms and conditions of work Defendants were offering to their H-2B workers, which terms included an offer of no less than the prevailing wage for all hours of work. Based on those offered contract terms, DOL approved Defendants' labor certification applications and DHS approved Defendants' H-2B visa petitions.

24. In each of the years at issue, Defendants used their approved visas to hire approximately 50 or more H-2B landscape laborers.

25. Defendants used one of their H-2B visas to hire Plaintiff Venancio Torres-Vallejo to work as a landscape laborer during 2012, 2013, 2014, and 2015.

26. In each of the years at issue, Defendants entered into work contracts with the U.S. and foreign H-2B workers they recruited to work as landscape laborers. Those work contracts explicitly and/or by operation of law offered the terms and conditions of work set forth in Defendants' Form 9142 labor certification applications.

27. In each of the years at issue, Defendants required their H-2B workers to pay the transportation, food, and lodging costs required to get from their homes in Mexico to CreativExteriors' place of work in Colorado and back home at the end of the work contract. These expenses were primarily for the benefit of Defendants and operated as *de facto* deductions from the first and last weeks' wages of Plaintiff and other H-2B workers.

28. In each of the years 2010 through 2013, Defendants required their H-2B employees to pay the H-2B visa application fee required by the U.S. government.

29. In 2014 and 2015, Defendants paid the visa application fee on behalf of their H-2B workers but then charged the workers for the fee prior to or during the first week of work.

30. In each of the years at issue, the visa application fee was primarily for the benefit of the Defendants, and the visa fee payments made by Defendants' H-2B workers operated as *de facto* deductions from their first week's wages.

31. In each of the years at issue, Defendants required their U.S. and H-2B landscape workers to meet each morning at CreativExteriors' office to load lawnmowers and other equipment onto trucks prior to driving to the first job of the day and, at the conclusion of the last job of a day, CreativExteriors required its landscape workers to return to CreativExteriors' office to unload and store the lawnmowers and equipment used during the day.

32. Defendants did not pay their landscape laborers for the hours of work spent loading equipment and driving to the first job of the day and returning from and unloading the equipment after the last job of the day.

33. In each of the years at issue, Defendants required their landscape laborers to wear uniforms and to keep those uniforms clean.

34. Plaintiff Venancio Torres-Vallejo and other landscape laborers each spent approximately two hours per week washing their uniforms at a cost of $18-20 per week. Defendants did not reimburse them for the costs of cleaning. Rather, those costs operated as *de facto* deductions from the wages of Defendants' landscape laborers.

35. Defendants' failure to pay its landscape laborers, including Plaintiff, for all of their hours of work, and the *de facto* deductions described above, resulted in Defendants' landscape laborers receiving less than the federal and state minimum wage and less than the prevailing wage for all hours of work up to 40 in a week and less than time and a half the prevailing rate for hours in excess of 40 in a work week.

36. Defendants' actions in failing to pay at least the federal and state minimum wage and the prevailing wage for all hours of work and in failing to pay required overtime were wilful. On information and belief, Defendants were aware, through their agent, the Federation of Employers and Workers of America, their attorney, and through other means, of the requirements of the federal and state minimum wage laws as well as the requirement to pay workers in H-2B-certified job positions no less than the prevailing wage for all hours of work. Defendants wilfully or recklessly disregarded those requirements.

37. In each of the years in question, Defendants assigned landscape laborers, including Plaintiff, to perform jobs different from the "landscape laborer" position described in Defendants' Form 9142 labor certification application, such as driving trucks and supervising.  Pursuant to the representations in Defendants' Forms 9142, which were incorporated by law into the work contracts of Defendants' landscape laborers, time spent performing those jobs should have been paid at the prevailing wage applicable to those jobs, which rates were higher than the rates paid by Defendants.

38. Defendants breached their contract with Plaintiff and the other landscape laborers who performed work not described in their Forms 9142 by failing to pay the DOL prevailing wage applicable to those jobs.  Alternatively, the contract wage offered by Defendants did not apply to those jobs and Plaintiff and the members of the class are entitled to the appropriate prevailing wage for this work in *quantum meruit.*

39. In the summer of 2013 DOL sent Defendant CreativExteriors a supplemental prevailing wage determination that notified Defendants that they were required to increase the wages of their landscape laborers because of an increase in the applicable prevailing wage.  Defendants did not increase their wages in conformity with the notice it received from DOL.

## COUNT I – FLSA

40. As a result of the above-described actions, Plaintiff and other members of the "Minimum Wage Sub-Class" did not receive the FLSA minimum wages for each hour up to 40 in a workweek, did not receive time and a half their regular rate of pay for all hours

of work in excess of 40 in a work week, and did not receive their regular rate for all hours less than 40 in work weeks in which they worked overtime.

41. Plaintiff and the members of the Minimum Wage Sub-Class who opt in to this action are entitled to relief for these violations pursuant to 29 U.S.C. §216(b).

## COUNT II – COLORADO MINIMUM WAGE

42. As a result of the above-described actions, Plaintiffs and members of the "Minimum Wage Sub-Class" did not receive minimum wage and overtime as required by the Colo. Const. Art. XVIII §15 and C.R.S. Title 8, Art. 6 and the Wage Orders promulgated thereunder, for which they are entitled to relief pursuant to 8 C.R.S. §8-6-118.

## COUNT III – BREACH OF CONTRACT

43. Plaintiff and the members of his class entered into work contracts with Defendant CreativExteriors, Inc. and performed their duties under those contracts. Defendant failed to perform its duties under the work contracts by failing to pay Plaintiff and the members of his class the applicable prevailing wage for all hours of work and all kinds of work performed.

44. Plaintiff and the class he seeks to represent suffered injury as a result of Defendants' breach for which they are entitled to relief pursuant to the common law of contracts.

## **COUNT IV – QUANTUM MERUIT**

45. If the Court finds that the work contract did not contain a lawful wage applicable to the work duties performed by Plaintiff and his class that were not covered by the landscape laborer job description in Defendants' ETA Forms 9142, the contract wage that was set forth in the 9142s is unenforceable for that work and Plaintiff and the class members are entitled to recover the prevailing wage applicable to those tasks as a matter of *quantum meruit*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

a. Issue notice to the members of the Minimum Wage Sub-Class informing them of their right to opt-into this action to pursue their claims under the FLSA and treating this case as an FLSA collective action;

b. Certify Plaintiff's breach of contract and Colorado statutory claim as a Rule 23(b)(3) class action;

c. Enter judgment in favor of Plaintiff and the opt-in Plaintiffs on Plaintiff's FLSA claim;

d. Enter judgment in favor of Plaintiff and the Minimum Wage sub-class with respect to Plaintiff's Colorado statutory claim;

e. Enter judgment in favor of Plaintiff and Plaintiff's class on Plaintiff's breach of contract claim;

f. Enter judgment in favor of Plaintiffs and Plaintiff's class on Plaintiff's *quantum meruit* claim;

g. Award Plaintiff, the opt-in Plaintiffs, and the members of the class their unpaid wages, liquidated damages, statutory penalty damages, costs, and attorneys' fees.

Respectfully submitted,

/s/ Chris Hoffman_____
Chris Hoffman
HOFFMAN, SHEFFIELD, SAUSEDA & HOFFMAN PLLC
600 Grant St., Ste 450
Denver, CO 80203
Phone:  (303) 333-2200
Fax: (806) 376-5345
choffman@hsshlaw.com

Edward Tuddenham
228 W. 137th St.
New York, New York  10030
Phone: (212) 234-5953
Fax: (512) 532-7780
etudden@prismnet.com

Gregory Schell
Florida Legal Services, Inc.
508 Lucerne Ave.
Lake Worth, FL 33460
Phone: (561) 582-3921
Fax: (561) 582-4884
greg@floridalegal.org

ATTORNEYS FOR PLAINTIFFS