**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-2832-WJM-CBS

VENANCIO TORRES-VALLEJO, individually
and on behalf of all persons similarly situated,

      Plaintiff,

v.

CREATIVEXTERIORS, INC., and
JEFFREY MILLER,

      Defendants.

---

**ORDER DENYING SUMMARY JUDGMENT**

---

In this action, Plaintiff Venancio Torres-Vallejo brings claims against Defendants

CreativExteriors, Inc., ("CE") and its president, Jeffrey Miller (together, "Defendants"),

on behalf of himself and a putative class, alleging violations of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the Colorado Minimum Wage Act, Colorado

Revised Statutes §§ 8-6-101 *et seq*., as well as claims for breach of contract and

*quantum meruit*.  (*See generally* ECF No. 1.)  Now before the Court is Defendants'

Motion for Partial Summary Judgment.  (ECF No. 40 ("Motion").)  As explained below,

the Motion is procedurally deficient in ways that make it impossible for Defendants to

carry their burden as the moving party.  Therefore, the Motion is denied.

Defendants' Motion has at least three flaws that prevent the Court from reaching

the issues raised on their merits.  *First,* Defendants' Motion is untimely.  Plaintiff filed

this case on December 30, 2015.  (ECF No. 1.)  It was assigned to the undersigned on

February 4, 2016.  (ECF No. 18.)  On March 25, 2016, U.S. Magistrate Judge Craig B. Shaffer entered the first Scheduling Order.  (ECF No. 24.)  Pursuant to the undersigned's Revised Practice Standards, each party is limited to filing a single motion for summary judgment, "customarily filed at the conclusion of pretrial discovery.  In addition, however, *within 30 days after entry of the initial scheduling order*, a party may also file one early motion for partial summary judgment."  WJM Revised Practice Standards III.E.2 (emphasis added).  Defendants' Motion was plainly intended as an Early Motion for Partial Summary Judgment (and just as plainly was premature if intended as a typical motion for summary judgment following discovery), but it was not filed until July 8, 2016, more than 70 days after the Court's deadline for such motions. The Motion is thus untimely, and Defendants did not seek leave to file it out of time.

*Second*, Defendants' Motion entirely failed to comply with the requirement that "[a]ll motions for summary judgment, including Early Motions for Partial Summary Judgment, must contain a section entitled 'Movant's Statement of Material Facts,'" which must present an enumerated recitation of the material facts which the movant believes shows it is entitled to judgment as a matter of law.  *Id.* at III.E.4.  Because Defendants did not follow this rule, Plaintiff could not and did not respond in turn by admitting or denying this statement of material facts.  *See id.* at III.E.5.  The result is thus not merely a technical or procedural defect.  Rather, given Defendants vague presentation of the facts, the Court is left with no clear record of which material facts are in dispute and which are not.  This is an insufficient record on which to grant summary judgment.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (on summary judgment, the Court must view the evidence and all reasonable

inferences therefrom in the light most favorable to the nonmoving party); *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987) (Court resolves factual ambiguities against party moving for summary judgment, thus favoring the right to a trial); *cf. Ford v. West* 222 F.3d 767, 777 (10th Cir. 2000) (Court will not "comb the record" to identify factual disputes, nor make a party's factual case for it).  For all these reasons, Defendants' failure to present a clear and competent record of the undisputed facts is fatal to their request for summary judgment.

     *Third*, and relatedly, Defendants have, without explanation, chosen to merge the briefing on their untimely request for partial early summary judgment with their opposition to Plaintiff's Motion for Class Certification.  Specifically, Defendants filed a single brief in which Defendants simultaneously argue against class certification and in favor of summary judgment; this was accompanied by only a schematic, two-page motion requesting summary judgment.  (*See* ECF Nos. 39 & 40.)  This is also fatal to Defendants' arguments, given the dramatically different analysis that the Court applies when ruling on motions under Rule 23 and Rule 56, respectively.  *Compare* Fed. R. Civ. P. 56(a) & (c) (relevant question on summary is whether there are remaining "genuine dispute[s] of material fact" in the case based on evidentiary materials in the record) *and Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (at summary judgment phase, Plaintiff must "go beyond the pleadings") *with Shook v. El Paso Cnty.*, 386 F.3d 963, 968 (10th Cir. 2004) (in ruling on motion for class certification "the court must accept the substantive allegations of the complaint as true") *and Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982) (issue in ruling on class certification is

not whether plaintiff has stated a cause of action but whether the requirements of Rule 23 are met).

Taken together, these flaws are not merely procedural or technical; they prevent Defendants from presenting a clear record of facts and legal authority that could support its request for judgment as a matter of law.  In short, given the above flaws, there is no way that Defendants can carry their burden as the moving party, particularly when requesting the substantial step of granting summary judgment and terminating many of Plaintiff's claims.  *Cf. Houston*, 817 F.2d at 85 (Court will resolve doubts and ambiguities against summary judgment and in favor of the right to trial).  Accordingly, the Court declines to take up the potentially dispositive legal issues raised by Defendants' Motion on the present record.

For the reasons stated above, the Court ORDERS as follows:

1. Defendants' Motion for Partial Summary Judgment (ECF No. 40) is DENIED as untimely and for failure to comply with the undersigned's Revised Practice Standards.  This denial is without prejudice to a future ruling on the legal issues presented, if properly raised by future motion(s); and

2.  Consistent with the Court's prior Order (ECF No. 41), no later than this **Monday, November 28, 2016**, the parties SHALL CONTACT the Chambers of U.S. Magistrate Judge Craig B. Shaffer to set a Status Conference.

Dated this 23rd day of November, 2016.

BY THE COURT:

William J. Martínez
United States District Judge