**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-2832-WJM-CBS

VENANCIO TORRES-VALLEJO, individually
and on behalf of all persons similarly situated,

    Plaintiff,

v.

CREATIVEXTERIORS, INC., and
JEFFREY MILLER,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION
FOR APPROVAL OF CLASS NOTICE,
DISTRIBUTION METHOD,
AND TOLLING OF LIMITATIONS**

In this action, Plaintiff Venancio Torres-Vallejo brings claims against Defendants CreativExteriors, Inc., and its president, Jeffrey Miller (together, "Defendants"), on behalf of himself and a putative class, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the Colorado Minimum Wage Act, Colorado Revised Statutes §§ 8-6-101 *et seq*., as well as claims for breach of contract and *quantum meruit*.  (*See generally* ECF No. 1.)

Now before the Court is Plaintiff's Motion for Approval of Class Notice, Distribution Method and Tolling of Limitations (ECF No. 35 ("Approval Motion")), along with Plaintiff's Brief in Support of that Motion (ECF No. 36) and other supporting materials, including Plaintiff's proposed Notice of Class Action (ECF No. 35-1).

Defendants filed a single brief arguing for summary judgment, opposing class

certification, and nominally opposing the Approval Motion, rather than availing themselves of the opportunity to fully brief each pending motion and legal issue. (*See* ECF No. 39.)

Regarding the Approval Motion, Defendants' brief includes a single sentence. While Defendants claim that Plaintiff's proposed notice is "deficient in multiple respects," inexplicably they do not bother to identify or describe even one such claimed defect. (*Id.* at 14.) Defendants appear to be operating under the misapprehension that, although they never filed a motion to modify the briefing schedule on the Approval Motion, they will nevertheless be entitled to brief the issues raised therein at some unspecified future date, now that the Court has denied Defendants' Motion for Partial Summary Judgment. (*See* ECF No. 50.) Defendants are mistaken. They have had their opportunity to object to Plaintiff's Approval Motion. They have forfeited that opportunity. They will not be given another bite at the apple in these circumstances. Given Defendants' failure to raise even one substantive objection to the Approval Motion, the Court views it as unopposed, and thus confessed.

Accordingly, having independently considered the Approval Motion, the Court FINDS and ORDERS as follows:

    1.    Plaintiff's Proposed Notice of Class Action (ECF No. 35-1) meets all requirements of Fed. R. Civ. P. 23(c)(2), and for notice of a collective action under the Fair Labor Standards Act ("FLSA").

    2.    Plaintiff's proposed plan to notify class and FLSA collective action members (*see* ECF No. 36 at 4–7) meets all requirements of Fed. R. Civ. P. 23(c)(2) and the FLSA.

3.  Accordingly, Plaintiff's Motion For Approval of Class Notice, Distribution Method, and Tolling of Limitations (ECF No. 35) is GRANTED IN PART as follows:

    a.  Plaintiff's proposed combined notice of Rule 23 class action and FLSA collective action notice, titled "Notice of Class Action" (ECF No. 35-1) ("Class Notice") is APPROVED IN PART, with modifications described below.  No later than **November 30, 2016**, Plaintiff's counsel is DIRECTED to submit a revised Class Notice to martinez_chambers@cod.uscourts.gov, in both editable and PDF formats. This revision to the Class Notice shall make the following two changes:

        i.  Consistent with the Court's Order excluding U.S. workers from Plaintiff's proposed class definition (ECF No. 51), the revision shall be directed to "All Mexican nationals who worked for CreativExteriors, Inc., as landscape laborers under the H-2B visa program, at any time between 2010 and 2015."

        ii. The final sentence of the Class Notice will be revised to read: "The distribution of this notice has been authorized by the Federal District Court but the Court has not yet reached any decision whether or not the claims in this lawsuit are valid."

        The Court will then docket a final version of the Class Notice incorporating these revisions by separate order (the "Revised Class Notice").

b. Defendants SHALL, no later than **December 9, 2016**, provide Plaintiff with all contact information regarding the class members, including addresses, telephone numbers, and e-mail addresses. The use of this information by Plaintiff and by Plaintiff's counsel is strictly limited to providing notice and representation to class members, and to such communications as are reasonably necessary to litigate this case.

c. Within **14 days** of the receipt of the above-described contact information from Defendants, Plaintiff SHALL MAIL a copy of the Revised Class Notice, in English and in Spanish, to the last known address of each class member. Plaintiff is DIRECTED TO FILE a notice with the Court and to notify Defendants upon completion of this mailing, the day of completion of said mailing to be hereinafter referred to as the "Mailing Date".

d. Within **14 days** of the Mailing Date, Defendants SHALL INCLUDE a copy of the Revised Class Notice, in English and in Spanish, in the pay envelopes to be delivered on the next regularly scheduled pay date of any class members currently employed by CreativExteriors, Inc.

    e.    Plaintiff is AUTHORIZED to distribute the Revised Class Notice to class members who are not currently employed by CreativExteriors, Inc. by e-mail, telephone, and/or hand-delivery.  Questions that arise in the course of telephone and personal contacts will be answered with reference to the contents of the Revised Class Notice.  If a class member is contacted by telephone, he or she shall be asked for an e-mail address, fax, or physical address at which he or she can receive a copy of the Revised Class Notice.  Class members contacted in person shall be given a copy of the Revised Class Notice.

    f.    The opt-in/opt-out period shall be **120 days** from the Mailing Date.

    g.    Plaintiff's request for equitable tolling of the FLSA statute of limitations during the opt-in/opt-out period is deemed unopposed and is hereby GRANTED for good cause shown.  The FLSA statute of limitations will be deemed equitably tolled from June 3, 2016, the date the Approval Motion was filed, until the close of the opt-in/opt-out period.

Dated this 23rd day of November, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge