**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-2832-WJM-CBS

VENANCIO TORRES VALLEJO, individually
and on behalf of all persons similarly situated,

    Plaintiff,

v.

CREATIVEXTERIORS, INC., and
JEFFREY MILLER,

    Defendants.

---

## ORDER PRELIMINARILY APPROVING SETTLEMENT

In this action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Colorado Minimum Wage Act, Colorado Revised Statutes §§ 8-6-101 *et seq.*, and also raising related contract claims, the Court entered an Order on November 23, 2016 certifying both a collective action under FLSA and a Rule 23 class for claims brought by lead Plaintiff, Venancio Torres Vallejo, on behalf of a class of similarly-situated landscape laborers who are Mexican nationals and who worked seasonally for Defendants under terms of the H-2B visa program between 2010 and 2015. (ECF No. 51.) Now before the Court is the Parties' Joint Motion for Preliminary Approval of Proposed Class Action Settlement Agreement and Notice to Class Members (ECF No. 82 (the "Motion")), which reflects that the Parties negotiated a settlement agreement on or around November 17, 2017, which they have since memorialized (*id.* at 4–5).

The Court, having carefully reviewed the Motion and related filings by the Parties, and being fulled advised, hereby ORDERS as follows:

1. Final certification of the respective FLSA and Rule 23 classes preliminarily certified in this Court's November 23, 2016 Order (ECF No. 51) is hereby GRANTED.

2. The Settlement Agreement is PRELIMINARILY APPROVED as fair and reasonable.

3. The form, contents and method of notice to be given to the Class as set forth in the Settlement Agreement and accompanying exhibits are APPROVED, subject to the modification that Paragraph III of the proposed Notice (ECF No. 82-1) shall be modified to add the following underlined and partially bolded language: "If you sign and return the form . . . . you will receive at least $[individual total amount from Attachment C] in gross payments from this settlement, **if** the Court ultimately approves the settlement."

4. The Administrator shall complete distribution of the notice and claim forms attached to the Settlement Agreement (ECF No. 82-1) as Attachments A and B, in the English and Spanish languages, to all class members within ten days after entry of this Order, as set forth in paragraph 11 of the Parties' Settlement Agreement (ECF # 82-1).

5. As set forth in the Settlement Agreement, the mailing of the Class Notice and claim forms will commence a 100-day notice period and any objections to the Settlement Agreement or claims on the Settlement Fund must be post-marked or received by the Settlement Administrator no later than 100 days after the Class Notice is mailed.

6. Class Members who wish to be excluded must provide written notice of their desire to be excluded to the Administrator within 100 days after the class notice is mailed. Fed. R. Civ. P. 23(e)(4).

7. Any Settlement Class Member wishing to object to the Court's approval of the Settlement Agreement shall file their objection in writing with the Administrator within 100 days after the Class Notice is mailed. The Administrator shall promptly submit such objections to counsel and counsel for the parties shall promptly file any such objection the Administrator receives with the Court. Counsel for the Parties may file a response to any objections filed as part of or contemporaneous with the Parties' application for final settlement approval. Plaintiffs' counsel may communicate with Settlement Class Members regarding their objections and may advise the Court of any Settlement Class Members who have communicated that they wish to withdraw their objections. Objections may be withdrawn only with the Court's approval. Fed. R. Civ. P. 23(e)(5).

8. Class counsel need not submit a separate motion for approval of attorneys' fees under Fed. R. Civ. P. 54(d)(2), but shall include such a request with their motion for final settlement approval. The Court finds that the approved Class Notice submitted as Attachment A to the Settlement Agreement (ECF # 82-1 pg. 12) provides adequate notice and service of Class Counsel's motion and fee request. Fed. R. Civ. P. 23(h)(1). Any class member or party may object to that request through the objections process set forth in paragraph 7 above. Fed. R. Civ. P. 23(h)(2).

8. A fairness hearing is scheduled for **Wednesday, September 5, 2018 at 9:30 a.m.**, at the United States District Court for the District of Colorado, located at 901

19th St., Denver, CO 80294, in Courtroom A801, on the 8th floor, to determine whether the Court will give final approval to the Settlement Agreement.  The Parties' motion seeking final approval of the settlement, including counsel's final request for attorneys' fees and costs, and any incorporated responses to objections received, shall by filed with the Court and served on any timely objectors no later than **August 15, 2018**.  Any written responses to this motion shall be filed with the Court no later than **August, 29, 2018**.  These deadlines for Court filings do not alter the obligation to comply with the 100-day period for submitting any written objections, as set out in paragraphs 5–7 above.

9. Any class member may appear at the fairness hearing and be heard as to why the Settlement Agreement should not be approved as fair, reasonable, and adequate, why a judgment should not be entered upon the settlement, and/or why attorneys' fees and expenses should not be awarded to class counsel.  However, no class member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement Agreement unless that person has submitted an objection in writing within the 100-day period set out by Paragraphs 5–7 above.  Any class member who fails to object or otherwise request to be heard will be deemed to have waived the right to object to the settlement

Dated this 12th day of April, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge